**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RICHARD SCHAEFFER, SHAF HOLDINGS,
LLC and SCHAEFFER HOLDINGS, LLC

<em>Plaintiffs</em>,

-   against -

DEBORAH KESSLER and DANIEL KESSLER,

<em>Defendants</em>.

Case No. 12 Civ. 8576 (PKC)

---

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DEBORAH KESSLER'S MOTION TO DISMISS

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................... i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS .............................................................................................. 2

ARGUMENT ................................................................................................................... 4

I.      Motion to Dismiss Standard.................................................................................. 4

II.     Plaintiffs' First Claim for Relief for Breach of Duty of Loyalty is Not a
        Breach of Contract Claim ...................................................................................... 6

IV.     Plaintiffs' Claim for Violation of the Computer Fraud and Abuse Act
        (Third Claim For Relief) is Sufficiently Pleaded and Not Duplicative ............... 11

V.      Plaintiffs' Claim for Fraud is Sufficiently Pleaded and Not Duplicative ............. 14

VI.     Plaintiffs' Claim for Declaratory Relief is Sufficiently Pleaded and Not
        Duplicative............................................................................................................. 22

CONCLUSION................................................................................................................ 23

# TABLE OF AUTHORITIES

<u>Cases</u>

*ACE Am. Ins. Co. v. Bank of the Ozarks*,
   2012 WL 3240239 (S.D.N.Y. Aug. 3, 2012) ................................................ 22

*Amusement Indus., Inc. v. Midland Ave. Associates, LLC*,
   820 F. Supp. 2d 510 (S.D.N.Y. 2011) ................................................ 9, 10

*Apple Records, Inc. v. Capitol Records, Inc.*,
   137 A.D.2d 50 (N.Y. App. Div. 1988) ................................................ 9, 22

*Arizona Premium Fin., Inc. v. Bielli*,
   77 F.Supp.2d 341 (E.D.N.Y. 1999) ................................................ 19

*Armored Group, LLC v. Homeland Sec. Strategies, Inc.*,
   2009 WL 1110783 (S.D.N.Y. Apr. 21, 2009) ................................................ 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................ 4

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ................................................ 4

*Baena v. Woori Bank*,
   515 F.Supp.2d 414 (S.D.N.Y. 2007) ................................................ 21, 22

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................ 4

*Bettinger v. Doueck*,
   2011 WL 2419799 (S.D.N.Y. June 3, 2011) ................................................ 21

*Cabble v. City of New York*,
   2010 WL 1222035 (S.D.N.Y. March 29, 2010) ................................................ 8

*Calyon v. Mizuho Secs. USA, Inc.*,
   2007 WL 2618658 (S.D.N.Y. 2007) ................................................ 12

*Camp Summit of Summitville, Inc. v. Visinski*,
   2007 WL 1152894 (S.D.N.Y. Apr. 16, 2007) ................................................ 6

*Capital, S.A. v. Lexington Capital Funding III, Ltd.*,
   2011 WL 3251554 (S.D.N.Y. July 28, 2011) ................................................ 23

*Chanayil v. Gulati,*
    169 F.3d 168 (2d Cir. 1999)..................................................................... 14

*Clark-Fitzpatrick, Inc. v. Long Island R. Co.,*
    70 N.Y.2d 382 (N.Y. 1987) ..................................................................... 11

*Cohen v. Gerson Lehrman Group, Inc.,*
    686 F. Supp. 2d 317 (S.D.N.Y. 2010).................................................. 12, 13

*Colavito v. New York Organ Donor Network, Inc.,*
    8 N.Y.3d 43 (N.Y. 2006) ........................................................................ 9, 10

*Design Strategies, Inc. v. Davis,*
    384 F.Supp.2d 649 (S.D.N.Y. 2005),........................................................ 7

*DGM Investments, Inc. v. New York Futures Exch., Inc.,*
    265 F.Supp.2d 254 (S.D.N.Y. 2003)......................................................... 21

*ESBE Holdings, Inc. v. Vanquish Acquisition Partners, LLC,*
    50 A.D.3d 397 (N.Y. App. Div. 2008) ...................................................... 15

*Fesseha v. TD Waterhouse Investor Services, Inc.,*
    305 A.D.2d 268 (N.Y. App. Div. 2003) .................................................... 11

*Fuji Photo Film U.S.A., Inc. v. McNulty,*
    2009 WL 3334867 (S.D.N.Y. Oct. 14, 2009) ......................................... 5, 20

*Gelles v. TDA Indus., Inc.,*
    1991 WL 39673 (S.D.N.Y. Mar. 18, 1991) ............................................ 5, 19

*Goldman v. Belden,*
    754 F.2d 1059 (2d Cir. 1985)..................................................................... 4

*Hamlet at Willow Creek Dev. Co., LLC v. Ne. Land Dev. Corp.,*
    64 A.D.3d 85 (N.Y App. Div. 2009) .......................................................... 11

*Hargrave v. Oki Nursery, Inc.,*
    636 F.2d 897 (2d Cir. 1980)....................................................................... 10

*Hecht v. Components Int'l, Inc.,*
    867 N.Y.S.2d 889 (Sup. Ct. Nassau Cnty. 2008)...................................... 13

*Henbest & Morrisey Inc. v. W.H. Ins. Agency Inc.,*
    259 A.D.2d 829 (N.Y. App. Div. 1999) ...................................................... 8

*In re Initial Pub. Offering Sec. Litig.*,
  241 F.Supp.2d 281 (S.D.N.Y. 2003)............................................................... 5

*In re NYSE Specialists Sec. Litig.*,
  503 F.3d 89 (2d Cir. 2007).......................................................................... 1

*In re Trico Marine Services, Inc.*,
  374 B.R. 529 (Bankr. S.D.N.Y. 2007)........................................................ 14

*Int'l Motor Sports Group, Inc. v. Gordon*,
  1999 WL 619633 (S.D.N.Y. Aug. 16, 1999)........................................... 5, 18

*Jerome M. Sobel & Co. v. Fleck*,
  2003 WL 22839799 (S.D.N.Y. Dec. 1, 2003) ............................................ 21

*Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.*,
  2009 WL 2524864 (E.D.N.Y. Aug. 14, 2009)............................................ 13

*Karmilowicz v. Hartford Fin. Services Group, Inc.*,
  2012 WL 3734449 (2d Cir. Aug. 30, 2012).............................................. 11

*Koch v. Rodenstock*,
  2012 WL 5845455 (S.D.N.Y. Nov. 19, 2012)............................................ 22

*Mallory Factor Inc. v. Schwartz*,
  146 A.D.2d 465 (N.Y. App. Div. 1989) ....................................................... 8

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
  1994 WL 88129 n.15 (S.D.N.Y. Mar. 15, 1994) ...................................... 17

*Montgomery Ward & Co. v. Weber*,
  162 N.Y.S.2d 744 (Sup. Ct. N.Y. Cnty. 1957) ........................................... 8

*NTL Capital, LLC v. Right Track Recording, LLC*,
  73 A.D.3d 410 (N.Y. App. Div. 2010) .................................................... 9, 11

*Orbit One Communications, Inc. v. Numerex Corp.*,
  692 F. Supp. 2d 373 (S.D.N.Y. 2010)..................................................... 9, 13

*Ouaknine v. MacFarlane*,
  897 F.2d 75 (2d Cir. 1990)........................................................................ 5

*Phansalkar v. Andersen Weinroth & Co., L.P.*,
  344 F.3d 184 (2d Cir. 2003)....................................................................... 6

*Putnam County Sav. Bank v. Aditya*,
   91 A.D.3d 840 (N.Y. App. Div. 2012) ....................................................... 15

*Qasem v. Toro*,
   737 F. Supp. 2d 147 (S.D.N.Y. 2010) ......................................................... 4

*Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.*,
   2008 WL 1910503 n.7 (S.D.N.Y. Apr. 30, 2008) ...................................... 22

*Sebastian Holdings, Inc. v. Deutsche Bank AG*,
   78 A.D.3d 446 (N.Y App. Div. 2010) ......................................................... 10

*Shaw Creations Inc. v. Galleria Enterprises, Inc.*,
   2010 WL 4156452 (Sup. Ct. N.Y. Cnty. Oct. 8, 2010) ................................ 7

*Sheppard v. Manhattan Club Timeshare Ass'n, Inc.*,
   2012 WL 1890388 (S.D.N.Y. May 23, 2012) ............................................. 15

*Solomon v. R. Mignon & Sons, Inc.*,
   1994 WL 538617 (S.D.N.Y. Oct. 3, 1994) ................................................. 21

*Sudul v. Computer Outsourcing Services*,
   868 F.Supp. 59 (S.D.N.Y. 1994) ................................................................. 15

*Swersky v. Dreyer & Traub*,
   219 A.D.2d 321 (N.Y. App. Div. 1996) ...................................................... 14

*Traffix, Inc. v. Herold*,
   269 F. Supp. 2d 223 (S.D.N.Y. 2003) ......................................................... 11

*Univ. Sports Publications Co. v. Playmakers Media Co.*,
   725 F. Supp. 2d 378 (S.D.N.Y. 2010) ..................................................... 9, 13

*W. Elec. Co. v. Brenner*,
   41 N.Y.2d 291 (N.Y. 1977) .......................................................................... 7

*W.B. David & Co., Inc. v. DWA Communications, Inc.*,
   2004 WL 369147 (S.D.N.Y. Feb. 26, 2004) ........................................ 15, 16

<u>Statutes</u>

18 U.S.C.A. § 1030 ................................................................................... 1, 12

18 U.S.C.A. § 1030(a)(2)(C) .......................................................................... 12

18 U.S.C.A. § 1030(a)(4) ............................................................................... 12

18 U.S.C.A. § 1030(a)(5)(B) ........................................................................ 12

18 U.S.C.A. § 1030(a)(5)(C) ........................................................................ 12

18 U.S.C.A. § 1030(e)(6) ............................................................................. 12

18 U.S.C.A. § 1030(e)(8) ............................................................................. 13

28 U.S.C.A. § 2201(a) ................................................................................. 22

N.Y. C.P.L.R. 3014 ...................................................................................... 8

Rules

Fed. R. Civ. P. 8(d) ..................................................................................... 8

Fed. R. Civ. P. 9(b) ............................................................................... passim

Fed. R. Civ. P. 12(b)(6) ................................................................................ 4

Fed. R. Civ. P. 57 ....................................................................................... 22

This memorandum of law is respectfully submitted on behalf of plaintiffs Richard Schaeffer ("Schaeffer"), Shaf Holdings, LLC ("Shaf Holdings") and Schaeffer Holdings, LLC ("Schaeffer Holdings") (collectively, "Plaintiffs"), in opposition to the motion to dismiss filed by defendant Deborah Kessler ("Ms. Kessler" or "Defendant") on January 24, 2013.

## PRELIMINARY STATEMENT

Defendant's motion to dismiss is deficient on numerous legal grounds and fails to properly address the well-pleaded allegations in Plaintiffs' amended complaint ("Complaint").[1] As set forth below, the Complaint's allegations are more than sufficient to state multiple causes of action against Defendant arising from her and her husband Daniel Kessler's scheme to obtain equity interests in various entities[2] to which she was never entitled.  Specifically, Defendant used her position as Plaintiffs' trusted employee and Mr. Kessler's legal skills and position as Mr. Schaeffer's attorney to create documents purporting to grant her valuable equity interests in the entities.  The Kesslers then caused Mr. Schaeffer's signature to appear on these documents through forgery or other fraudulent means.  Once Defendant became concerned that her scheme would be uncovered, she attempted to conceal her unlawful acts by stealing, deleting, and destroying Plaintiffs' files, including files stored on Plaintiffs' computers.  Accordingly, the Complaint alleges claims against Defendant for: breach of Defendant's fiduciary duty of loyalty (First Claim for Relief); conversion (Second Claim for Relief); violation of the Computer Fraud and Abuse Act, 18 U.S.C.A. § 1030 ("CFAA") (Third Claim for Relief); fraud (Fourth Claim for Relief); and declaratory judgment (Sixth Claim for Relief).[3]

---

[1] References to the Complaint are denominated as, "¶__."  Defendant must take the allegations in the Complaint as true for purposes of her motion to dismiss.  *E.g., In re NYSE Specialists Sec. Litig.,* 503 F.3d 89, 91 (2d Cir. 2007).

[2] These entities are Shaf Holdings, Schaeffer Holdings, and Liquid Holdings Group, LLC ("Liquid") (collectively, the "LLCs").

[3] The Complaint also states claims against co-defendant Daniel Kessler, who is an attorney and Deborah Kessler's husband, for fraud (Fourth Claim for Relief) and malpractice (Fifth Claim for Relief).

Defendant's motion to dismiss hinges almost entirely on an ill-conceived and unsupported argument that Plaintiffs' First Claim for Relief for breach of duty of loyalty (which Defendant does not seek to dismiss) is actually a claim for breach of contract. The Complaint, however, does not allege a breach of any contract, and Defendant fails to identify any contract that could transform the duty of loyalty claim into a contract claim. Nevertheless, Defendant argues that the remaining causes of action asserted against her should be dismissed because they are "duplicative" of this "breach of contract" claim. Defendant's arguments are meritless. Plaintiffs' first cause of action is, in fact, a claim for breach of Defendant's duty of loyalty, and not a claim for breach of contract. Moreover, regardless of how the first cause of action is characterized, the remaining claims against Defendant are not improperly "duplicative" and may not be dismissed, even if they are premised on related facts. Furthermore, contrary to Defendants' conclusory assertions, Plaintiffs' fraud claim has also been pleaded with sufficient particularity. Therefore, the Court should deny Defendants' motion in its entirety.

## STATEMENT OF FACTS[4]

Defendant was a trusted employee and friend of Mr. Schaeffer who owed Mr. Schaeffer a duty of loyalty. ¶¶ 2, 17-23. Mr. Schaeffer hired Defendant as his personal assistant and, over time, gave her increasing responsibilities and duties in connection with his finances and various business endeavors. ¶¶ 17, 19-23. In 2012, Mr. Schaeffer decided to compensate Defendant by giving her 9% of his interest in Shaf Holdings, and also discussed the possibility of giving her an interest in Schaeffer Holdings. ¶¶ 29, 34-36.

Based on Defendant's recommendation, Mr. Schaeffer retained the legal services of Defendant's husband, Daniel Kessler, to, *inter alia,* draft an operating agreement for Shaf

---

[4] The summary of the facts herein focuses on Defendant Deborah Kessler's acts. The Complaint contains additional allegations pertaining to co-defendant Daniel Kessler, which are not relevant to the instant motion.

Holdings pursuant to Mr. Schaeffer's specific instructions.   ¶¶ 28, 30-31.   Unbeknownst to Mr. Schaeffer, the Kesslers conspired to draft this operating agreement in order to give Defendant 10% of Shaf Holdings, instead of 9%.   Defendant misrepresented to Mr. Schaeffer that the Shaf Holdings operating agreement had been amended in conformity with his instructions, and in reliance on those misrepresentations Mr. Schaeffer signed that agreement.   ¶¶ 3, 40-42, 69-73, 107-109.

In addition, Mr. Kessler drafted a Schaeffer Holdings operating agreement that would give Defendant a 9% interest in Schaeffer Holdings, even though Mr. Schaeffer never agreed to give Defendant any interest in Schaeffer Holdings.   After Mr. Schaeffer refused to sign this agreement, the Kesslers conspired to forge or fraudulently place Mr. Schaeffer's signature on the document.   ¶¶ 4, 44-52, 72-73 110-112.

Similarly, Mr. Kessler drafted two agreements that purported to give to Defendant a percentage of Mr. Schaeffer's interest in Liquid.   The Kesslers also forged or fraudulently caused Mr. Schaeffer's signature to appear on these documents although Mr. Schaeffer never saw these documents, or knew of their existence.   ¶¶ 5, 72-73, 113-116.

Mr. Schaeffer became suspicious of Defendant when, among other things, Defendant's behavior became more erratic and Mr. Schaeffer noticed the discrepancy in the Shaf Holdings agreement – *i.e.,* that the agreement purported to give Defendant a higher equity percentage that what was agreed to and what Defendant had represented was contained in the agreement.   ¶¶ 7, 55.

When Defendant realized that she was losing Mr. Kessler's trust, Defendant viewed website instructions about how to delete computer files, deleted electronic documents from the computer in Mr. Schaeffer's office, including documents related to Shaf Holdings and Mr.

Schaeffer's personal matters, deleted files related to her company email account, shredded documents, and stole hard copy documents from Mr. Schaeffer's offices, all without Mr. Schaeffer's authorization or permission. ¶¶ 8, 56-58, 78, 83-100.

Defendant quit her employment with Mr. Schaeffer on September 4, 2012.  ¶¶ 8, 59. Defendant initially filed a federal action against Defendants in the Southern District of New York, but later submitted a notice of voluntary dismissal of her federal action based on lack of diversity jurisdiction and re-filed her suit in New York state court.

## ARGUMENT

### I.   MOTION TO DISMISS STANDARD

The Court's function on a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).  The Court should not dismiss the complaint if the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, "[o]n a motion to dismiss a claim for relief pursuant to Rule 12(b)(6) a court accepts the truth of the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor." *Qasem v. Toro*, 737 F. Supp. 2d 147, 150 (S.D.N.Y. 2010) (citing *Iqbal*, 129 S. Ct. at 1949); *see also ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other condition of a person's mind may be alleged generally."

Courts within the Second Circuit "have repeatedly emphasized that Rule 9(b) must be read in harmony with the [notice pleading] principles of Rule 8." *In re Initial Pub. Offering Sec. Litig.*, 241 F.Supp.2d 281, 326 (S.D.N.Y. 2003). *Accord Ouaknine v. MacFarlane*, 897 F.2d 75, 79 (2d Cir. 1990) ("Rule 9(b)…must be read together with rule 8(a) which requires only a 'short and plain statement' of the claims for relief.") (internal citations omitted). Thus, Rule 9(b) does not require "a plaintiff [to] plead dates, times and places with absolute precision, so long as the complaint gives fair and reasonable notice to defendants of the claim and the grounds upon which it is based." *Int'l Motor Sports Group, Inc. v. Gordon*, 1999 WL 619633, at **3-4 (S.D.N.Y. Aug. 16, 1999) (fraud counterclaim that did not identify precisely where alleged misrepresentations and omissions occurred and specified only that they occurred during approximate 60-day period was sufficiently pleaded under Rule 9(b); "Rule 9(b) requires only that a complaint provide adequate information to allow the defendants to frame a response") (internal citations omitted). *Accord Gelles v. TDA Indus., Inc.*, 1991 WL 39673, at *6 (S.D.N.Y. Mar. 18, 1991) (stating that when there are "only two" alleged perpetrators of a fraud, requiring the plaintiff to specify "an exact time and location would violate the liberal pleading requirements of the Federal Rules").

Furthermore, the particularity standards of Rule 9(b) are relaxed where the particulars of the fraud are peculiarly within the knowledge of the defendants. *E.g., Fuji Photo Film U.S.A., Inc. v. McNulty*, 2009 WL 3334867, at *2, *5 (S.D.N.Y. Oct. 14, 2009) (plaintiff's allegations asserted on information and belief were sufficient to meet Rule 9(b) particularity standards where one co-defendant upon whose loyalty plaintiff relied was allegedly only employee with specific knowledge of fraudulent invoices, and where it was logical that specific details of fraudulent scheme created to personally benefit defendants would be known only to defendants).

5

As set forth below, Plaintiffs have sufficiently pleaded all of the causes of actions asserted and Defendant's motion should be denied in its entirety.

## II. PLAINTIFFS' FIRST CLAIM FOR RELIEF FOR BREACH OF DUTY OF LOYALTY IS NOT A BREACH OF CONTRACT CLAIM

Defendant's assertion that Plaintiffs' claim for breach of the duty of loyalty is actually a claim for breach of contract is unsupported by any case law or factual allegations.  Defendant's argument is composed entirely of the following statement: "The plaintiffs' First Claim for Relief is essentially a contract claim alleging that defendant Deborah Kessler did not properly perform her duties as an employee of plaintiff Schaeffer."  MTD at 1-2.[5]  Defendant cites no authority supporting her argument, and fails to even identify the contract that was ostensibly breached by the misconduct that forms the basis for Plaintiffs' First Claim for Relief.

This lack of factual and legal support for her argument is not surprising, for there is absolutely no basis for it.  Plaintiffs' breach of loyalty claim is clearly not a breach of contract claim.  "It is well-settled under New York law that all employees owe a duty of loyalty to their employers, regardless of whether the employee has a formal employment contract."  *Camp Summit of Summitville, Inc. v. Visinski*, 2007 WL 1152894, at *134 (S.D.N.Y. Apr. 16, 2007) (collecting cases).  *See also Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 200 (2d Cir. 2003) (duty of loyalty exists even where employment relationship is at-will).  As the New York Court of Appeals has stated, "an employee is to be loyal to his employer and is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties."  *Design Strategies, Inc. v. Davis*, 384 F.Supp.2d 649, 659 (S.D.N.Y. 2005), *aff'd sub nom. Design*

---

[5] The Memorandum of Law by Defendant Deborah Kessler in Support of Motion to Dismiss (Dkt. No. 17) is referred to herein as "MTD."

*Strategy, Inc. v. Davis*, 469 F.3d 284 (2d Cir. 2006) (quoting *W. Elec. Co. v. Brenner*, 41 N.Y.2d 291, 295 (1977)).

The Complaint alleges that Defendant was a trusted employee of Mr. Schaeffer (¶¶ 2, 17-23, 26); that, as Mr. Schaeffer's employee, Defendant owed him a duty of loyalty (¶¶ 2, 66); and that Defendant breached her duty of loyalty by, *inter alia*, attempting to obtain interests in the LLCs to which she was not entitled by deceiving Mr. Schaeffer, making misrepresentations and omissions of material fact to Mr. Schaeffer, forging or fraudulently obtaining Mr. Schaeffer's signature on various documents, and stealing and destroying documents belonging to Plaintiffs (¶¶ 64-76). Such alleged misconduct certainly violates Defendant's duty to "exercise the utmost good faith and loyalty in the performance of [her] duties" as Mr. Schaeffer's employee. *Brenner*, 41 N.Y.2d at 295. *See also Shaw Creations Inc. v. Galleria Enterprises, Inc.*, 2010 WL 4156452, at *5-9 (Sup. Ct. N.Y. Cnty. Oct. 8, 2010) (complaint sufficiently pleaded breach of duty of loyalty against employee who fraudulently misrepresented that he was not competing with employer). Thus, the Complaint has clearly pleaded a breach of loyalty claim against Defendant.

Furthermore, while "[t]he employer-employee relationship is one of contract, express or implied"[6], a faithless employee may be held liable for both breaching her employment contract and breaching her duty of loyalty to her employer; in other words, there is no mandate under New York law that an employer's only recourse against an employee for disloyal behavior is through claiming breach of the employment contract. There are numerous cases under New York law where an employer has brought claims for both breach of the employment contract and breach of the duty of loyalty against a disloyal employee. *See, e.g., Henbest & Morrisey Inc. v. W.H. Ins. Agency Inc.*, 259 A.D.2d 829, 829 (N.Y. App. Div. 1999) (denying motion to dismiss

---

[6] *Brenner*, 41 N.Y.2d at 295.

breach of loyalty claim and breach of employment contract claim against former employee); *Mallory Factor Inc. v. Schwartz*, 146 A.D.2d 465, 467-468 (N.Y. App. Div. 1989) (finding in favor of plaintiff on claim for breach of former employee's fiduciary duties of loyalty and good faith and claim for breach of former employee's employment contract).

Defendant relies on her mischaracterization of the breach of loyalty claim as a breach of contract claim in a vain attempt to bootstrap her motion's central argument that the remaining claims against her should all be dismissed as "duplicative" because they "are all rooted in the same facts underlying plaintiffs' First Claim for Relief."  MTD at 4 (emphasis in original). However, this argument is laboring under the fatal misapprehension that a plaintiff cannot plead multiple causes of action arising from the same set of operative facts.  This is not the law of this jurisdiction, and Defendant cites no authority in support of such a proposition. *See, e.g.*, Fed. R. Civ. P. 8(d) (a party may plead "alternatively or hypothetically" and may state several causes of action "regardless of consistency"); N.Y. C.P.L.R. 3014 (MᶜKɪɴɴᴇʏ 2013) (same); *Cabble v. City of New York*, 2010 WL 1222035, at *5 (S.D.N.Y. March 29, 2010) (plaintiff may plead theories of intentional tort and negligence based on same set of facts, as Rule 8(d)(3) of the Federal Rules of Civil Procedures provides that a party may state as many separate claims or defenses as it has regardless of consistency); *Montgomery Ward & Co. v. Weber*, 162 N.Y.S.2d 744, 745 (Sup. Ct. N.Y. Cnty. 1957) ("It is no objection that some of the facts in the second cause of action [for fraud] are common to the those in the first [for money had and received]; the plaintiff is entitled to plead alternative causes of action based on the same facts.").

In fact, Defendant's motion itself cites cases wherein multiple causes of action were asserted based on the same set of underlying facts.  *See, e.g., NTL Capital, LLC v. Right Track Recording, LLC*, 73 A.D.3d 410, 411-412 (N.Y. App. Div. 2010) (denying motion to dismiss

claims for breach of contract and unjust enrichment arising from defendant's alleged violation of equipment lease); *Orbit One Communications, Inc. v. Numerex Corp.*, 692 F. Supp. 2d 373, 385 (S.D.N.Y. 2010) (sustaining former employee's breach of contract and declaratory judgment claims arising from his resignation from defendant corporation); *Univ. Sports Publications Co. v. Playmakers Media Co.*, 725 F. Supp. 2d 378 (S.D.N.Y. 2010) (sustaining claims for misappropriation of trade secrets, unfair competition and breach of fiduciary duty arising from defendants' alleged scheme to steal confidential customer and sales information from plaintiff); *Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50 (N.Y. App. Div. 1988) (asserting valid claims for breach of contract, fraud, breach of fiduciary duty and conversion arising from defendant's scheme to secretly sell plaintiffs' records that were purportedly scrapped without paying plaintiffs and exploit plaintiffs' popularity in order to benefit other aspects of defendant's business).

For all the foregoing reasons, and as set forth below, Defendant's argument to dismiss the remaining claims against her as duplicative must fail.

## III.   PLAINTIFFS' CLAIM FOR CONVERSION IS SUFFICIENTLY PLEADED AND NOT DUPLICATIVE

To state a claim for conversion under New York law, a plaintiff must show that "someone, intentionally and without authority, assume[d] or exercise[d] control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. New York Organ Donor Network, Inc*., 8 N.Y.3d 43, 49-50 (N.Y. 2006); *Amusement Indus., Inc. v. Midland Ave. Associates, LLC*, 820 F. Supp. 2d 510, 534 (S.D.N.Y. 2011) (same). The two key elements of conversion are "(1) plaintiff's possessory right or interest in the property and (2) defendant's dominion over the property or interference with it, in derogation of

plaintiff's rights." *Colavito*, 8 N.Y.3d at 50 (citations omitted); *Amusement Indus.*, 820 F. Supp. 2d at 534.

Here, Plaintiffs have pleaded that they have a possessory right or interest in the files taken by Defendant, and that Defendant asserted dominion over the property in derogation of Plaintiffs' rights, resulting in damage to Plaintiffs.  ¶¶ 56-63, 77-81.  Plaintiffs have also demanded the return of all converted property.  ¶ 82.  Plaintiffs have accordingly sufficiently pleaded their claim for conversion.

Defendant's argument for dismissal of the conversion claim as "duplicative" must fail because, *inter alia,* Defendant fails to even identify the contract that was allegedly breached by Defendant's misconduct under the First Claim for Relief.  *See, e.g., Sebastian Holdings, Inc. v. Deutsche Bank AG*, 78 A.D.3d 446, 448 (N.Y App. Div. 2010) (conversion claim not duplicative of breach of contract claim where plaintiff did not allege any breach of agreement that directly related to allegedly converted funds; "thus the conversion claim stands on its own").

Regardless, even if Complaint had alleged a breach of contract and/or Defendant's motion had identified a contract that was breached, the conversion claim should still be sustained because the obligation not to convert Plaintiffs' property is independent of any employment contract.  *See Hargrave v. Oki Nursery, Inc.*, 636 F.2d 897, 899 (2d Cir. 1980) ("[I]t does not follow that because acts constitute a breach of contract they cannot also give rise to liability in tort.  Where the conduct alleged breaches a legal duty which exists 'independent of contractual relations between the parties' a plaintiff may sue in tort.").

Simply put, stealing one's employer's documents – like stealing one's employer's gold watch – is not merely a breach of contract.  Rather, such conversions are independent, actionable torts.  The fact that an employment relationship existed does not require dismissal of such a

10

conversion claim. *See, e.g., Hamlet at Willow Creek Dev. Co., LLC v. Ne. Land Dev. Corp.*, 64 A.D.3d 85, 112-113 (N.Y App. Div. 2009) ("the Supreme Court correctly determined that the conversion and breach of contract causes of action were not duplicative"; "[T]he same conduct which constitutes a breach of a contractual obligation may also constitute the breach of a duty arising out of the contract relationship which is independent of the contract itself.  Where it does, 'a contracting party may be charged with a separate tort liability arising from a breach of a duty distinct from, or in addition to, the breach of contract.'") (citations omitted).

Contract and conversion claims may only be duplicative when there is an alleged contractual breach and conversion of the *very same property rights*, which is not the case here. Indeed, the cases cited by Defendant (MTD at 5) all fall into this category[7] and are thus inapposite to the present case.  The instant case does not assert a contract claim, and Defendant's conversion of Plaintiffs' documents is an independent tort.  Accordingly, Plaintiffs' conversion claim should be sustained.

## IV.   PLAINTIFFS' CLAIM FOR VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT (THIRD CLAIM FOR RELIEF) IS SUFFICIENTLY PLEADED AND NOT DUPLICATIVE

---

[7] Defendant's inapposite citations involve existing agreements between the parties governing the same property that was allegedly converted.  *Karmilowicz v. Hartford Fin. Services Group, Inc*., 2012 WL 3734449 (2d Cir. Aug. 30, 2012) (conversion claim concerned payments under contractual discretionary compensation plan); *Armored Group, LLC v. Homeland Sec. Strategies, Inc*., 2009 WL 1110783 (S.D.N.Y. Apr. 21, 2009) (conversion claim concerned failure to return advance payment in accordance with the parties' contract); *Traffix, Inc. v. Herold*, 269 F. Supp. 2d 223, 228 (S.D.N.Y. 2003) (conversion claim could not lie because "any ownership interest plaintiff had [in the accounts] is by virtue of the contract"); *NTL Capital, LLC v Right Track Recording, LLC*, 73 A.D.3d 410 (N.Y App. Div. 2010) (rights to allegedly converted equipment governed by parties' equipment lease agreement); *Fesseha v. TD Waterhouse Investor Services, Inc.*, 305 A.D.2d 268, 269 (N.Y. App. Div. 2003) (right to securities liquidated from plaintiff's account governed by Customer Agreement between parties).  In the instant case, Plaintiffs do not allege the existence or violation of a contract governing the parties' rights to the stolen (converted) documents.

In the only other case cited by Defendant in support of its conversion argument, *Clark-Fitzpatrick, Inc. v. Long Island R. Co*., 70 N.Y.2d 382, 389 (N.Y. 1987), there was *no* conversion claim.  *Id.*  Moreover, *Clark-Fitzpatrick* confirms that a tort claim may lie when it involves a legal duty independent from the contract itself.  *Id.*  It also explains that the legal duty on which the tort claim is based "may be connected with and dependent upon the contract."  *Id.* (citation omitted).

The Computer Fraud and Abuse Act (18 U.S.C.A. § 1030) ("CFAA") provides a private right of action where a defendant, *inter alia*, "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period." 18 U.S.C.A. § 1030(a)(4) (West 2013).[8]  The term "exceeds authorized access" is defined by the statute to mean "to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled to so obtain or alter." 18 U.S.C.A. § 1030(e)(6) (West 2013). "'[W]ithout access' and 'exceeds authorized access' would include an employee who is accessing documents on a computer system which that employee had to know was in contravention of the wishes and interests of his employer." *Calyon v. Mizuho Secs. USA, Inc.*, 2007 WL 2618658, at *1 (S.D.N.Y. 2007) (denying motion to dismiss).

Here, Defendant "exceeded authorized access" in violation of the statute by: (i) altering, destroying and obtaining documents without authorization while she was still an employee, ¶¶ 8, 56-58, 78, 83-100; and (ii) altering, destroying and obtaining documents after she was no longer employed by Mr. Schaeffer, without any authorization.  ¶¶ 8, 59-60, 85-93.

As this Court has held, destruction or deletion of computer files by an employee – as occurred here – is particularly actionable, and clearly within the scope of the CFAA. *See Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317, 325 (S.D.N.Y. 2010) (Castel, J.)

---

[8] In addition to 18 U.S.C.A. § 1030(a)(4), Defendant's conduct also violates, 18 U.S.C.A. § 1030(a)(2)(C) ("intentionally access[ing] a computer without authorization or exceed[ing] authorized access, and thereby obtain[ing] . . . information from any protected computer"); 18 U.S.C.A. § 1030(a)(5)(B) ("intentionally access[ing] a protected computer without authorization, and as a result of such conduct, recklessly caus[ing] damage"); and 18 U.S.C.A. § 1030(a)(5)(C) ("intentionally access[ing] a protected computer without authorization, and as a result of such conduct, caus[ing] damage and loss").  *See* ¶¶ 83-100.

(allegation that "'mass deletion' resulted in 'lost revenue, costs incurred, and other consequential damages' totaling more than '$5,000 within a one-year period'" sufficient to withstand motion to dismiss). *See also* 18 U.S.C.A. § 1030(e)(8) (defining "damage" as "any impairment to the integrity or availability of data, a program, a system, or information").[9]

Defendant improperly attempts to raise disputed factual issues regarding the degree to which she was authorized to access or destroy Plaintiffs' computer files. Disputed issues of fact regarding a CFAA claim "have no place on a motion to dismiss." *Cohen*, 686 F. Supp. 2d at 325 (Castel, J.) (denying motion to dismiss claim under CFAA where, *inter alia*, movant raised factual issues regarding the extent of his authorization). Indeed, Defendant's assertion that she was entitled to access as a "partner" (MTD at 7) contradicts the Complaint's allegations that Defendant was an employee and never a partner. ¶ 2. Such an issue of fact cannot be determined on a motion to dismiss.[10]

Finally, Defendant's argument that the CFAA claim is "duplicative" of breach of loyalty claim is completely baseless; indeed, Defendant fails to cite any authority in support of this position. MTD at 7. Contrary to Defendant's assertions, there is no prohibition against the simultaneous assertion of CFAA claims and other claims. *See, e.g., Cohen*, 686 F. Supp. 2d at 325-26 (upholding CFAA, conversion and trespass counterclaims); *Hecht v. Components Int'l, Inc.*, 867 N.Y.S.2d 889, 898 (Sup. Ct. Nassau Cnty. 2008) ("the CFAA is not intended to

---

[9] The cases cited by Defendant (MTD at 7) are wholly distinguishable. Unlike the present case, none of Defendant's cases involved the unauthorized and costly destruction of files. *See Orbit One*, 692 F. Supp. 2d at 385 (no allegation of unauthorized destruction of data); *Jet One Group, Inc. v. Halcyon Jet Holdings, Inc.*, 2009 WL 2524864 (E.D.N.Y. Aug. 14, 2009) (same); *Univ. Sports Publication.*, 725 F. Supp. 2d at 378 (same; notably, the court denied a former employee's motion for summary judgment on CFAA claim because there was a genuine issue of material fact regarding whether the former employee accessed the database without authorization). Moreover, *Orbit One* noted that the CFAA is aimed at damage and losses, and that "the statute defines 'damage' as 'any impairment to the integrity or availability of data, a program, a system, or information.'" 692 F. Supp. 2d at 385 (citing 18 U.S.C.A. § 1030(e)(8)). Thus, Defendant's own citation supports a private right of action under the CFAA for an employee's *destruction* or *damage* to computer data.

[10] Defendant also mistakenly asserts that the Complaint alleges that she was afforded ownership interests in Liquid. *See* MTD at 7. To the contrary, the Complaint explicitly alleges that Ms. Kessler was never given ownership interests in Liquid. ¶ 5, 35-38.

preempt state law claims based on unauthorized access to a computer such as trespass to chattel, conversion or fraud").

## V.   PLAINTIFFS' CLAIM FOR FRAUD IS SUFFICIENTLY PLEADED AND NOT DUPLICATIVE

"Under New York law, the elements of common law fraud are 'a material, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff.'"  *Chanayil v. Gulati*, 169 F.3d 168, 171 (2d Cir. 1999) (internal citations omitted).   A claim for fraud can also be based on concealment of information if plaintiff, in addition to alleging an intentional failure to disclose a material fact resulting in injury, can demonstrate that the defendant had a duty to disclose the material information.  *See Swersky v. Dreyer & Traub*, 219 A.D.2d 321, 326 (N.Y. App. Div. 1996).  Such a duty arises (1) when there is a fiduciary or confidential relationship; (2) when a party makes a partial or ambiguous statement that requires clarification; *or* (3) when one party has superior knowledge of certain information that is not readily available to the other party and the first party knows that the second party is acting on the basis of mistaken knowledge.  *In re Trico Marine Services, Inc.*, 374 B.R. 529, 537-38 (Bankr. S.D.N.Y. 2007).

Defendant's main argument for dismissal of the fraud claim again appears to be that it should be dismissed as "duplicative" of the first claim for breach of loyalty, mischaracterized as a breach of contract claim.  Again, this argument fails as Plaintiffs' claim for breach of duty of loyalty is not a breach of contract claim.[11]

Furthermore, even if the breach of loyalty claim were somehow recast as a breach of contract claim, the fraud claim would not be duplicative and should be sustained.  As an initial

---

[11] The cases cited by Defendant (MTD at 9) are again inapposite, as they involved complaints where a breach of contract claim was actually asserted.  *See, e.g., Sheppard v. Manhattan Club Timeshare Ass'n, Inc.*, 2012 WL 1890388, at *6 (S.D.N.Y. May 23, 2012) (dismissing fraud claim "premised on defendants' alleged failure to perform under a contract").  The instant case asserts no breach of contract claim.

matter, Defendant's argument that the fraud claim must be dismissed as duplicative because the basis for that claim "is directly tied to the factual allegations" for the First Claim for Relief (MTD at 8) is baseless. *See, e.g., W.B. David & Co., Inc. v. DWA Communications, Inc.*, 2004 WL 369147, at *3 (S.D.N.Y. Feb. 26, 2004) ("New York law allows a plaintiff to assert a claim for both breach of contract and fraud arising out of the same transaction"). *See also supra,* at II, p. 6.

    Most of the cases cited by Defendant on this point (MTD at 8-9) stand for the unremarkable proposition that a fraud claim cannot be based merely on the defendant's alleged misrepresentation of an intention to perform under a contract. *Sheppard v. Manhattan Club Timeshare Ass'n, Inc.,* 2012 WL 1890388, at *6 (S.D.N.Y. May 23, 2012) ("[a] cause of action alleging fraud will not lie where the only claim of fraud relates to a breach of contract, and a mere misrepresentation of an intention to perform under the contract is insufficient to allege fraud") (internal citations omitted); *Putnam County Sav. Bank v. Aditya*, 91 A.D.3d 840, 842 (N.Y. App. Div. 2012) (same); *Sudul v. Computer Outsourcing Services*, 868 F.Supp. 59, 62 (S.D.N.Y. 1994) (plaintiff cannot "bootstrap a breach of contract claim into a fraud claim by simply including in his complaint an allegation that defendant never intended to uphold his end of the deal"). The final case cited by Defendant merely states that fraud claims "[arising] directly" from the written provisions of the various agreements at issue should be dismissed as duplicative. *ESBE Holdings, Inc. v. Vanquish Acquisition Partners, LLC*, 50 A.D.3d 397, 398-99 (N.Y. App. Div. 2008).

    In contrast, the Complaint here does not allege that Defendant's fraud arises from her failure to fulfill specific contractual obligations under a valid contract or from an alleged misrepresentation by Defendant regarding her intention to perform under a valid contract.

Indeed, Defendant does not and cannot point to any specific contractual breach implicated by Plaintiffs' fraud claim.  *See* MTD at 8-9.  The gravamen of Plaintiffs' fraud claim is that Defendant deliberately misrepresented that the Shaf Holdings agreement had been drafted in conformity with Mr. Schaeffer's instructions and concealed the existence of various documents upon which Mr. Schaeffer's signature was forged or fraudulently placed by Defendant for the purpose of obtaining valuable equity interests in the LLCs to which she was not entitled.  *See* ¶¶ 104-17.  Moreover, Plaintiffs allege that Defendant was obligated to disclose this information because she was Mr. Schaeffer's trusted employee and owed him a duty of loyalty (¶¶ 2, 19-23, 26).  Thus, as Plaintiffs' fraud claim alleges "a legal duty separate from the duty to perform under [a] contract" (*i.e.*, her duty of loyalty as Mr. Schaeffer's employee) and "a fraudulent misrepresentation collateral or extraneous to the contract" (*e.g.,* Defendant's misrepresentation that the Shaf Holdings agreement had been drafted in conformity with Mr. Schaeffer's instructions in order to induce Mr. Schaeffer to sign the agreement, *see* ¶¶ 3, 40-41, 107-108), it is not duplicative of the First Claim for Relief (even if that first claim could somehow interpreted as a breach of contract claim).  *See W.B. David*, 2004 WL 369147 at *4.

Defendant also tacks on a cursory and conclusory argument that Plaintiffs' fraud claim not stated with sufficient particularity to meet the requirements of Rule 9(b).  MTD at 8. Defendant provides no specific examples of how Plaintiffs' allegations fall short, but instead merely asserts that the Complaint fails to provide "necessary specifics."  *Id.*  Defendant has therefore failed sufficiently to particularize her Rule 9(b) motion and it should be rejected on that basis alone.

In any event, Plaintiffs have sufficiently pleaded multiple acts by Defendant that would constitute fraud under New York law.  *See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v.*

*Young*, 1994 WL 88129, at *25 n.15 (S.D.N.Y. Mar. 15, 1994) (sustaining fraud claim against employee owing the fiduciary duties of full faith and loyalty to his employer who accepted bribes and actively concealed that material information by failing to reveal his receipt of bribes and kickbacks to employer).  For example, Plaintiffs allege that:

- Defendant misrepresented to Mr. Schaeffer that the operating agreement for Shaf Holdings had been drafted in conformity with Mr. Schaeffer's instructions in order to induce Mr. Schaeffer's reliance on those misrepresentations (¶¶ 3, 40-41, 107-108); Defendant knew those misrepresentations were false (¶ 41, 108); in justifiable reliance upon those misrepresentations, Mr. Schaeffer signed the Shaf Operating agreement (¶¶ 3, 42, 109); and Defendant is now seeking to enforce the fraudulent agreement against Plaintiffs in New York state court and has damaged Plaintiffs (¶¶ 6, 9, 43, 120).

- Defendant failed to disclose that she forged or fraudulently placed Mr. Schaeffer's signature on a draft Schaeffer Holdings operating agreement, and failed to disclose the existence of this "signed" agreement to Mr. Schaeffer (¶¶ 50, 111-12); Defendant intentionally concealed this information in order to obtain a valuable equity interest in Schaeffer Holdings (¶¶ 2, 49-50, 104, 111-12); Defendant was obligated to disclose this information because she was Mr. Schaeffer's trusted employee (¶¶ 2, 19-23, 26), she had already presented him with the agreement which he refused to sign (¶ 49) and she knew that Mr. Schaeffer was unaware of the "signed" agreement and was therefore unaware that Defendant was seeking to obtain an ownership interest in Schaeffer Holdings to which she was not entitled (¶¶ 3-4, 50, 104, 112); and Defendant is now seeking to enforce the fraudulent agreement against Plaintiffs in New York state court and has damaged Plaintiffs (¶¶ 6, 9, 51, 120).

- Similarly, Defendant knowingly drafted (or conspired to draft) various documents (¶¶ 31-39, 104-05, 113, 115); forged or fraudulently obtained Mr. Schaeffer's signature on those documents (¶¶ 34-36, 38, 105, 113, 115); deliberately concealed the existence of those documents (despite her obligation to disclose this material information) with the intention of using them to claim valuable equity interests in the LLCs (¶¶ 2, 5, 32-34, 36, 38, 106, 114, 116); and is now seeking to enforce the fraudulent agreement against Plaintiffs in New York state court and has damaged Plaintiffs (¶¶ 6, 9, 120).

Contrary to Defendant's conclusory assertions, Plaintiffs have provided sufficient detail regarding the alleged fraud to provide "fair and reasonable notice to defendants of the claim and the grounds upon which it is based." *Gordon*, 1999 WL 619633, at *3. For instance, the Complaint sets forth:

- the dates, names, and relevant terms of the fraudulent agreements at issue (*e.g.,* ¶¶ 5, 30-40);

- the content of Defendant's specific misrepresentations (*e.g.,* that the Shaf Holdings agreement was drafted in accordance with Mr. Schaeffer's 9% instructions but in reality provided a 10% interest, *see* ¶¶ 40-41);

- the content of material information deliberately not disclosed to Mr. Schaeffer by Defendant (*e.g.*, the existence of documents purporting to give Defendant valuable equity interests in the LLCs to which she was not entitled, *see* ¶¶ 2, 4-5, 35-38, 110-16);

- the relationship of trust which made Mr. Schaeffer's reliance reasonable and obligated Defendant to disclose the material information she deliberately concealed (*e.g.,* ¶¶ 2, 17-23);

18

- the manner in which Defendant's misrepresentations and omissions of material fact were misleading and her intent to defraud Mr. Schaeffer thereby (*e.g.,* Defendant deliberately misrepresented that the Shaf Holdings agreement had been drafted in conformity with Mr. Schaeffer's instructions and concealed the existence of various documents upon which Mr. Schaeffer's signature was forged or fraudulently placed in order to obtain valuable equity interests in the LLCs to which she was not entitled, *see* ¶¶ 2-5, 29-41, 49-50, 105-16);

- the manner in which Mr. Schaeffer was injured (*e.g.,* ¶¶ 113, 115, 118-120);

- the time period when Defendant deleted and stole Plaintiffs' documents in order to conceal her scheme (early September 2012 and September 4, 2012, *see* ¶¶ 56, 59); and

- the location where Defendant deleted and stole Plaintiffs' documents (Mr. Schaeffer's Liquid and downtown offices, *see* ¶¶ 56-63).

Such detailed allegations are more than sufficient to meet the particularity requirements of Rule 9(b).  *See, e.g., Gelles*, 1991 WL 39673, at *6 (when there are "only two" alleged perpetrators of a clearly defined fraudulent scheme to misrepresent plaintiff's role at corporation, requiring plaintiff to differentiate between the two perpetrators and specify the specific time or place of each alleged misrepresentation was unnecessary under Rule 9(b)); *Arizona Premium Fin., Inc. v. Bielli*, 77 F.Supp.2d 341, 345-46 (E.D.N.Y. 1999) (complaint against multiple insurance brokers alleging large number of fraudulent premium finance agreements satisfied 9(b) particularity requirements despite failure to identify each defendant who prepared agreements and made representations; complaint provided details of relationship between parties and alleged fraud scheme and provided names of companies allegedly proffered as beneficiary of agreements, thus providing adequate notice to defendants of plaintiff's claims).

19

Furthermore, the particularity standards of Rule 9(b) are relaxed where the particulars of the fraud are peculiarly within the knowledge of the defendants. *E.g., McNulty*, 2009 WL 3334867 at *5 (plaintiff's allegations asserted on information and belief were sufficient to meet Rule 9(b) particularity standards where one co-defendant upon whose loyalty plaintiff relied was allegedly only employee with specific knowledge of fraudulent invoices, and where it was logical that specific details of fraudulent scheme created to personally benefit defendants would be known only to defendants). Here, the Complaint alleges that a former employee and her husband concocted a scheme to obtain ownership of valuable equity interests in the LLCs to which the employee was not entitled and that the two conspirators deliberately concealed the scheme from Plaintiffs. ¶¶ 2-5, 31-53, 102-17. Consequently, it is only logical that the specific details of the fraudulent scheme created to personally benefit Defendant and her husband would be known only to those individuals.

Under such circumstances, Plaintiffs' allegations setting forth the nature and operation of Defendant's fraudulent scheme and specific supporting facts, such as detailed descriptions of the various documents created as part of Defendant's fraudulent scheme (including the names, dates, relevant terms and purposes of those fraudulent agreements, *see* ¶¶ 5, 30-40), are more than sufficient to meet the requirement of "adduc[ing] specific facts supporting a strong inference of fraud." *McNulty*, 2009 WL 3334867 at *2 (complaint alleging fraudulent ticket scheme where one defendant purchased tickets to entertainment and sporting events for his co-defendant and charged the purchases to plaintiff without plaintiff's knowledge satisfied Rule 9(b) pleading requirements where complaint alleged facts describing nature and operation of scheme, the specific function of the fraudulent invoices, and the dates, amounts, and invoice numbers of the fraudulent invoices). *See also, e.g., Solomon v. R. Mignon & Sons, Inc.*, 1994 WL 538617, at *3

(S.D.N.Y. Oct. 3, 1994) (complaint alleging that defendants materially misrepresented amounts by which ERISA contributions were determined satisfied Rule 9(b) despite failure to include dates or amounts of the misrepresentations; it was clear from the Complaint that the alleged fraud concerned wage and income reports during a specific period of time, thereby putting defendants on adequate notice to prepare a defense); *DGM Investments, Inc. v. New York Futures Exch., Inc.*, 265 F.Supp.2d 254, 264 (S.D.N.Y. 2003) (complaint that did not plead specifics of alleged fraud, such as time, place and steps taken to cover the fraud, was sufficient to meet Rule 9(b) particularity requirements as many of the specifics were within the sole knowledge of defendants; "dismissal on the ground that facts within Defendants' knowledge have not yet been proven in the pleading stage is particularly inappropriate.") (internal citations omitted).[12]

---

[12] Defendant cites two decisions by this Court in support of her argument that Plaintiffs' fraud claim should be dismissed for lack of particularity pursuant to Rule 9(b), yet both cases actually favor Plaintiffs' position. MTD at 9.

In *Bettinger v. Doueck*, 2011 WL 2419799 (S.D.N.Y. June 3, 2011) (Castel, J.), the court dismissed fraud claims against one defendant whose alleged unlawful acts were limited to three emails written in her capacity as fund administrator where there was no allegation that she personally benefitted from her conduct or communicated with plaintiff in a capacity other than as an employee of the fund in which plaintiff invested. *Id.* at *4. However, the court also found that fraud claims against another defendant, who was general partner and investment manager of the fund at issue, met the particularity requirements of Rule 9(b). The court found that the complaint adequately pleaded scienter against this defendant by alleging motive and opportunity to commit fraud. *Id.* at *7. Specifically, plaintiff alleged that given the defendant's positions of authority at the fund, he had opportunity to commit acts of fraud, which he did for the purposes of benefiting himself in the form of $24 million in management fees for himself and other insiders. *Id.* Similarly, Plaintiffs here allege that Ms. Kessler, through her position as Mr. Schaeffer's trusted employee and using the legal skills of her husband Daniel Kessler (Mr. Schaeffer's attorney), secretly drafted various documents purporting to give Ms. Kessler valuable equity interests in the LLCs for the purpose of enriching herself and her husband.  ¶¶ 2-6, 23, 26, 28-52, 102-16. Such allegations are sufficient to "raise a strong inference of fraudulent intent." *Bettinger*, 2011 WL 2419799 at *7. Furthermore, Plaintiffs also allege that Defendant destroyed and stole numerous documents from Plaintiffs in an attempt to conceal her fraudulent scheme.  ¶¶ 56-63, 117. Thus, Plaintiffs allege "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness," which are also sufficient to plead fraudulent intent. *Bettinger*, 2011 WL 2419799 at *7 (internal citations omitted). *See also Jerome M. Sobel & Co. v. Fleck*, 2003 WL 22839799, at *8 (S.D.N.Y. Dec. 1, 2003) (allegations that employee defendants destroyed and concealed material documents in order to conceal the fees at issue from plaintiff were sufficient to demonstrate defendants' fraudulent intent).

In *Baena v. Woori Bank*, 515 F.Supp.2d 414 (S.D.N.Y. 2007) (Castel, J.), the court held that plaintiff's aiding and abetting fraud claims were sufficiently pleaded under Rule 9(b). *Id.* at 420-22. Notably, the court found that allegations that defendants made false statements to auditors and investigators regarding two sets of agreements that were used by the primary wrongdoer to defraud plaintiff were sufficient to plead scienter. *Id.* at 421. While those false statements were made *after* the allegedly fraudulent transactions at issue, and therefore could not have been relied upon by plaintiff at the time of the fraud, the statements spoke to whether defendants acted with scienter at an

## VI.   PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF IS SUFFICIENTLY PLEADED AND NOT DUPLICATIVE

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."  28 U.S.C.A. § 2201(a) (West 2013).  In determining whether declaratory relief is warranted, "[t]he court must consider whether a declaratory judgment will (1) serve a useful purpose in clarifying and settling the legal relations in issue; or (2) afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."  *ACE Am. Ins. Co. v. Bank of the Ozarks*, 2012 WL 3240239, at *8 (S.D.N.Y. Aug. 3, 2012) (citation omitted).  This case is particularly well suited to declaratory relief, as such relief would clarify and settle the legal relations at issue involving a number of entities.

Significantly, "[t]he existence of another adequate remedy does *not* preclude a declaratory judgment that is otherwise appropriate."  FED. R. CIV. P. 57 (emphasis added).  *See also Quanta Specialty Lines Ins. Co. v. Investors Capital Corp.*, 2008 WL 1910503, at *6 n.7 (S.D.N.Y. Apr. 30, 2008) ("It is well established that declaratory relief is alternative or cumulative and not exclusive or extraordinary.").  Accordingly, Defendant's argument regarding alternative forms of relief does not warrant dismissal of Plaintiffs' declaratory judgment claim.[13]

---

earlier point in time.  "The subsequent lies—the cover up—if proven, would be strong circumstantial evidence of [defendants'] state of mind and intentions at the time of entry into the two sets of agreements."  *Id.*  Similarly, Plaintiffs here allege that Defendant destroyed and stole numerous documents from Plaintiffs in an attempt to conceal her fraudulent scheme.  ¶¶ 56-63, 117.  Thus, Plaintiffs have sufficiently pleaded the sort of "conscious behavior" which raises an inference of an intent to defraud.  *Baena*, 515 F.Supp.2d at 421.

[13]  Defendant's two case citations are once again inapposite.  *Koch v. Rodenstock*, 2012 WL 5845455, at *2 (S.D.N.Y. Nov. 19, 2012), provided no reason for dismissing the declaratory relief claim; there is *no* indication that this claim was dismissed as "duplicative."  *Id.*  Defendant's other cited case, *Apple Records, Inc. v. Capitol Records, Inc.*, 137 A.D.2d 50, 54 (N.Y. App. Div. 1988), merely held that declaratory relief was unnecessary because the plaintiffs there had parallel breach of contract causes of action which provided an adequate remedy.  *Id.*  By contrast, in the instant case, there are no parallel contract causes of action, and the fiduciary duty cause of action may not fully clarify and settle the parties' legal relationship.

The proposed declaratory relief differs from the relief sought with respect to Plaintiffs' other claims.  The other claims seek monetary damages and, even if successful, may not fully resolve the legal relationships between the parties.  The declaratory relief claim, however, seeks "a declaratory judgment that Ms. Kessler has no legal or equitable interest in Shaf Holdings, Schaeffer Holdings or Liquid, and that the Shaf Holdings operating agreement, Schaeffer Holdings operating agreement, April 10, 2011 agreement, and February 17, 2012 agreement are unenforceable by Ms. Kessler." ¶ 144.  Absent declaratory relief, Defendant may continue to seek to enforce these fraudulent contracts.[14]  Thus, a declaratory judgment is necessary and would not be "duplicative" of other claims.  *See Capital, S.A. v. Lexington Capital Funding III, Ltd.*, 2011 WL 3251554, at *15 (S.D.N.Y. July 28, 2011) (denying motion to dismiss claim for declaratory judgment where breach of contract and declaratory judgment claims concerned different issues).  Accordingly, Defendant's motion to dismiss Plaintiffs' claim for declaratory relief should be denied.

## CONCLUSION

For all the foregoing reasons, Defendant's arguments for dismissal are wholly deficient. Therefore, Plaintiffs respectfully request that the Court deny Defendant's motion in its entirety, and grant such other and further relief as the Court deems just and proper.

---

[14] Indeed, Defendant is seeking to enforce these same agreements in the New York state court action she initiated after discontinuing her federal action.

Dated:  New York, New York          THE FLEISCHMAN LAW FIRM
        February 21, 2013

                                    By :  /Keith M. Fleischman
                                          Keith M. Fleischman
                                          June H. Park
                                          Elizabeth A. Berney
                                    565 Fifth Avenue, Seventh Floor
                                    New York, New York 10017
                                    Telephone: (212) 880-9567
                                    Facsimile: (917) 591-5245

                                    *Attorneys for Plaintiffs Richard Schaeffer, Shaf Holdings,
                                    LLC and Schaeffer Holdings, LLC*